Richard G. Hall
*Counsel for the Debtor*
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |  |
|---|---|---|
| In re: | ) | Case No. **13-15588-BFK** |
| **Frank Bredimus** | ) | Chapter 12 |
|  | ) |  |
|  | ) | OBJECTION TO |
|  | ) | PROOF OF CLAIM #10-1 |
| Debtor | ) |  |
|  | ) |  |
| **DC Diamond Corporation** | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| **Frank Bredimus** | ) |  |
| Defendant, | ) |  |

## MOTION TO WITHDRAW THE REFERENCE

### RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT COURT JUDGE

Frank Bredimus – pursuant to 28 U.S.C. §157, Bankruptcy Rule of Procedure 5011, and

Local Rule 5011-1 – files this Motion to Withdraw the Reference for the proceeding filed by DC

Diamond Corporation against Frank Bredimus with the Bankruptcy Court.

The grounds and authority in support of this motion are set forth in the accompanying

memorandum.

Frank Bredimus respectfully requests that the court:

(a)      withdraw the Reference of this proceeding to the District Court; and

    (b)      grant such other and further relief as is just and appropriate under the circumstances.

Frank Bredimus<br>
*By Counsel*

Dated:    October 6, 2014

    */s/Richard G. Hall*
    Richard G. Hall
    Counsel for the Debtor
    VSB #18076
    7369 McWhorter Place, Suite 412
    Annandale, Virginia 22003
    Phone: (703) 256-7159

    Matthew W. Lee
    Counsel for the Debtor
    8444 West Park Drive, Suite 510
    McLean, VA 22102
    Phone: (703) 852-7788

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have, this 6th day of October 2014, I caused a copy of this Motion to Withdraw the Reference, to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by electronic mail and/or first-class mail, postage prepaid, to the following additional parties:

    Daniel M. Press
    Chung & Press, P.C.
    6718 Whittier Ave.
    Suite 200
    McLean, VA 22101

*/s/ Richard G. Hall*<br>
Richard Hall

Case 1:14-cv-01550-TSE-JFA Document 2 Filed 11/18/14 Page 3 of 44 PageID# 37
Case 14-41514-RGM Doc 149 Filed 10/06/14 Entered 10/06/14 13:02:05 Desc
Exhibit(s) Memorandum Page 1 of 9

Richard G. Hall
*Counsel for the Debtor*
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | Case No. **13-15588-BFK** |
| **Frank Bredimus** | ) | Chapter 12 |
| | ) | |
| | ) | OBJECTION TO |
| | ) | PROOF OF CLAIM #10-1 |
| Debtor | ) | |
| | ) | |
| **DC Diamond Corporation** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Frank Bredimus** | ) | |
| Defendant, | ) | |

# MEMORANDUM IN SUPPORT OF
# <u>MOTION TO WITHDRAW THE REFERENCE</u>

Frank Bredimus, by undersigned counsel and pursuant to 28 U.S.C. §157, Bankruptcy Rule of Procedure 5011, and Local Rule 5011-1, hereby submits this Memorandum in support of his Motion to Withdraw the Reference with respect to the proof of claim filed by DC Diamond Corporation ("D.C. Diamond").

## I.  **Introduction**

Mr. Bredimus respectfully requests that this Honorable Court and the U.S. District Court exercise their discretionary powers and withdraw the reference as to seven proofs of claim

Case 1:14-cv-01550-TSE-JFA Document 2 Filed 11/18/14 Page 4 of 44 PageID# 38
Case 14-11514-RGM Doc 149 Filed 10/06/14 Entered 10/06/14 13:02:05 Desc
Exhibit(s) Memorandum Page 2 of 9

(Docket Nos. 10-1, 11-1, 12-1, 13-1, 14-1, 15-1 & 16-1) filed by D.C. Diamond[1] and six other

related entities and individuals (hereinafter collectively referred to as the "D.C. Diamond

Claimants"). As is more fully explained below, each proof of claim exclusively asserts

unsecured, unliquidated civil causes of action arising under Virginia's common law and statutory

Code.

In conjunction, all creditors, aside from the D.C. Diamond Claimants, have agreed to Mr.

Bredimus' Amended Plan for reorganization. D.C. Diamond, by and through its counsel, has

also stipulated that it is not and will not seek to "claw back" any of the assets currently allocated

under Mr. Bredimus' plan in that event that its proof of claim is allowed. Instead, D.C. Diamond

has acknowledged that it will only seek satisfaction from Mr. Bredimus' malpractice insurance

policy; an asset of the estate that is unavailable to Mr. Bredimus' other creditors. Therefore,

each of the six factors applied by Courts in this District with respect to discretionary withdrawal

of a reference weighs in favor of withdrawing said reference as to the D.C. Diamond Claimants'

seven proofs of claim.[2]

## II. Background

On April 23, 2014, Mr. Bredimus filed a voluntary petition for relief under Chapter 12 of

the Bankruptcy Code. On August 18, 2014 – the last day to do so – the D.C. Diamond Claimants

filed their proofs of claim. The claims are:

1.       Tomislav Milic – Claim #11-1 – Amount $20,000,000.00;

2.       Janja Milic-Zobundija – Claim #13-1 – Amount $20,000,000.00;

3.       RMF Group, LLC – Claim #14-1 – Amount $700,000.00;

4.       Red   Maple   Properties,   LLC   –   Claim   #12-1   –   Amount

---

[1] DC Diamond Corporation is currently in its own Chapter 11 Bankruptcy Proceeding.
[2] Mr. Bredimus does not request that the referral be withdrawn as to any other aspect of his bankruptcy case, except for the seven proofs of claims filed by the D.C. Diamond Claimants.

Case 1:14-cv-01550-TSE-JFA Document 2 Filed 11/18/14 Page 5 of 44 PageID# 38
Case 14-11534-RGM Doc 149 Filed 10/06/14 Entered 10/06/14 13:02:05 Desc
Exhibit(s) Memorandum    Page 3 of 9

$20,000,000.00;

5.        DC Diamond Corporation – Claim #10-1 – Amount $15,000,000.00;

6.        Karlo Milic Irrevocable Trust – Claim #15-1 – Amount $20,000,000.00; and

7.        Remington Land, LLC – Claim #16-1 – Amount $2,000,000.00.

All of the proofs of claims contain similar allegations and involve the same common set of facts. Specifically, the D.C. Diamond Claimants aver that Mr. Bredimus committed legal malpractice, breach of fiduciary duty, breach of contract, and fraud. In addition, D.C. Diamond, which is represented by counsel, requested that the Bankruptcy Court find Mr. Bredimus liable for civil conspiracy Virginia Code §18.2-499, et seq. Each cause of action asserted is non-core under 28 U.S.C. §157.

On September 10, 2014, a confirmation hearing was held. Leading up to that hearing, Mr. Bredimus believed that he had reached an agreement in principle with the bankruptcy trustee and his creditors, other than the D.C. Diamond Claimants, with respect to his Amended Plan for reorganization. At the hearing, however, the Bankruptcy Court continued the issue of confirmation in order to allow the debtor's counsel to provide notice to the creditors and other interested parties of a proposed order confirming the plan conditionally. That order is now endorsed by all parties who had objected to the debtor's Amended Plan, and its entry is pending the expiration of the notice period.

Also leading up the September 10 hearing, Hermann Esser, the sole owner of HJE Group, LC - another of Mr. Bredimus' creditors - filed an affidavit with the Bankruptcy Court. In his affidavit, Mr. Esser, under penalty of perjury, swore that he owns claimant Red Maple Properties, LLC., and RMF Group, LLC, and that he did not authorize claimant Tomislav Milic to file a proof of claim (Docket #s 12-1 and 14-1) for either company. *See* Exhibit A.

Case 1:14-cv-01550-TSE-JFA Document 2 Filed 11/18/14 Page 6 of 44 PageID# 40
Case 14-41515-RGM Doc 149 Filed 10/06/14 Entered 10/06/14 13:02:05 Desc
Exhibit(s) Memorandum Page 4 of 9

Accordingly, it appears that claimant Tomislav Milic has filed two false proof of claims totaling $20,700,000.00 with Bankruptcy Court, which is in violation of 18 U.S.C. §§152 and 3571.

In addition, at the September 10 hearing, D.C. Diamond, through its legal counsel, stipulated that he had no objection to the Bankruptcy Court's conditional approval of Mr. Bredimus' plan of reorganization. D.C. Diamond further acknowledged that it would not seek to "claw back" any funds allocated under the plan to Mr. Bredimus' other unsecured creditors. Instead, D.C. Diamond affirmed that it was only interested in the potential indemnity coverage provided under Mr. Bredimus' malpractice insurance policy.

A new hearing for confirmation of Mr. Bredimus' fifth amended plan of reorganization is scheduled for October 23, 2014.

### III. Legal Analysis and Argument

Mr. Bredimus respectfully requests that this Honorable Court and the U.S. District Court withdraw the reference as to the seven proofs of claim filed by the D.C. Diamond Claimants. Bankruptcy jurisdiction is vested in the District Courts. *See* 28 U.S.C. §1334. While a district court may refer bankruptcy cases and any or all proceedings arising in or related to bankruptcy cases to a bankruptcy court, a "District Court may withdraw, in whole or in part any case or proceeding referred under this section, or on its on motion or timely motion of any party, for any cause shown." 28 U.S.C. §157(d).

To determine whether withdrawal of a reference to a bankruptcy court is appropriate Courts in the Fourth Circuit analyze the following factors: "(i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy cases, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources; (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury

trial." *Corliss Moore & Associates, LLC v. Credit Control Services, Inc.*, 497 B.R. 219, 223

(E.D.Va. 2013) (internal citations omitted). Discretionary withdrawal is "determined on a case-

by-case basis by weighing all the factors presented in a particular case." *Id.* (quoting *In re U.S.*

*Airways Group, Inc.*, 296 B.R. 673, 682 (E.D. Va. 2003)). In the present case, each of the six factors

weighs in favor of the withdrawal the reference.

**1.      D.C. Diamond's Proof of Claim is Based upon Non-core State law Issues.**

D.C. Diamond's one-page, proof of claim purports to assert causes of action arising under

Virginia's common law and statutory Code. The causes of action are: legal malpractice, breach

of fiduciary duty, breach of contract, fraud, and statutory conspiracy.

"Jurisdiction for cases 'arising under title 11' refers to those cases in which the

Bankruptcy Code itself creates the plaintiff's cause of action or 'if the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal bankruptcy law.'" *In re*

*Baseline Sports, Inc.*, 393 B.R. 105, 121 -122 (E.D.Va. 2008) (internal citations omitted). In

addition, jurisdiction extends to cases "arising in Title 11, but nevertheless, would have no

existence outside of bankruptcy." *Id.* (internal citations omitted).

D.C. Diamond's proof of claim does not fall within the foregoing allocation of

jurisdiction. Instead, the causes of action asserted are typically litigated outside of the

Bankruptcy Court, e.g., via a lawsuit in state court after the claimant has filed a motion to lift the

automatic stay with the Bankruptcy Court based upon the existence of available insurance

coverage.

And the facts of this case are no different. Mr. Bredimus has a lawyer's professional

liability policy. That policy provides coverage for some, but not all, of the putative claims

and/or damages, set forth D.C. Diamond's proof of claim. D.C. Diamond has further stipulated

Case 1:14-cv-01550-TSE-JFA Document 2 Filed 11/18/14 Page 8 of 44 PageID# 42
Case 14-11514-RGM Doc 149 Filed 10/06/14 Entered 10/06/14 13:02:05 Desc
Exhibit(s) Memorandum Page 6 of 9

that the only asset that it will pursue with respect to the satisfaction of its alleged damages is that
policy.

Further, all of the claims asserted in D.C. Diamond's proof of claim are non-core. It is
well established that state law claims, especially those based on pre-petition contracts, are non-
core. *See In re systems Engineering & Energy Management Associates, Inc*., 252 B.R. 635, 641-
50 (E.D.Va.2000). Under Virginia law, a claim for legal malpractice, while sounding in tort, is a cause
of action arising *ex contractu. See Shipman v. Kruck*, 267 Va. 495, 501 (2004). Further, pre-petition
state law claims for fraud, statutory conspiracy and breach of fiduciary duty such as those
asserted in D.C. Diamond's proof of claim, are also considered non-core. *In re Systems
Engineering*, 252 B.R. at 641-650.[3] As such, the first factor considered in whether to withdraw
the reference weighs heavily in favor of withdrawal in this case.

**2.      Withdrawal Would Promote Uniformity in Bankruptcy Administration.**

Withdrawing the reference will promote uniformity in bankruptcy administration. These
seven claims all relate to the same set of pre-petition facts and contain almost identical legal
issues.

Further, the separation of these claims, through withdrawal of the reference, from the
claims asserted by Mr. Bredimus' other creditors and which are now covered and consented to in
Mr. Bredimus' Amended Plan for reorganization, does promote the efficient administration of
Mr. Bredimus' bankruptcy estate. The D.C. Diamond Claimants' are seemingly willing to
stipulate that they will seek satisfaction for their alleged damages exclusively from Mr.
Bredimus' malpractice insurance policy and not seek to "claw back" any of Mr. Bredimus' other
assets. Conversely, none of Mr. Bredimus' other creditors has timely filed a proof of claim

---

[3] While not asserted in D.C. Diamond's proof of claim, the proofs of claims filed by Tomislav and Janja Milic,
allege that they suffered personal injury damages as a result of Mr. Bredimus' acts/omissions. Thus, any of the
causes of action that seek those damages are non-core as well. *See* 28 U.S.C. § 157(b)(2)(B).

Case 1:14-cv-01550-TSE-JFA Document 2 Filed 11/18/14 Page 9 of 44 PageID# 43
Case 14-41515-RGM Doc 149 Filed 10/06/14 Entered 10/06/14 13:02:05 Desc
Exhibit(s) Memorandum Page 7 of 9

asserting that it/he/she it is entitled to proceeds of Mr. Bredimus' malpractice insurance policy, e.g., a cause of action/claim for which the policy may provide coverage. Therefore, it is far more efficient for the Courts and the litigants if the D.C. Diamond Claimants' proofs of claims are litigated and adjudicated before the District Court, a tribunal that routinely hears these types of claims, rather than the Bankruptcy Court.

**3.      Withdrawal Would not Encourage Forum Shopping.**

Withdrawing the reference would not encourage forum shopping. *See McMahon v. Providence Capitol Enters., Inc.* (In re McMahon), 222 B.R. 205, 208 (S.D.N.Y. 1998) (forum shopping would not be encouraged by granting the Debtor's motion [to withdraw the reference] as this case involves a non-core state law issues that could have been brought in a state court originally.")  In this case, D.C. Diamond's proof of claim exclusively asserts state-law, non-core causes of action that could have, and probably should have, been instituted in a Virginia circuit court.  Therefore, factor five weighs in favor of withdrawal of the reference.

**4.      Withdrawal Will Conserve Resources and Promote Judicial Efficiency.**

Withdrawing the reference will conserve judicial and party resources as well as promote judicial efficiency.  The Bankruptcy Court may only submit proposed findings of fact and conclusions of law to the District Court on the Claimant's claim; it may not enter a final judgment. *See* 28 U.S.C. §157(c) (1).  The District Court then must review the Bankruptcy's Court's proposed findings *de novo*.  Mr. Bredimus should not have to incur the fees and costs associated with litigating this state-law, non-core causes of action in both the Bankruptcy and District Courts.  Accordingly, proceeding directly in the District Court will preserve the judiciary's and the parties' resources and promote judicial efficiency, and factors three and four weigh in favor of withdrawal of the reference.

Case 1:14-cv-01559-TSE-JFA Document 2 Filed 11/18/14 Page 10 of 44 PageID# 44
Case 14-11314-RGM Doc 149-1 Filed 10/06/14 Entered 10/06/14 13:02:05 Desc
Exhibit(s) Memorandum Page 8 of 9

**5.** **Withdrawal Preserves Mr. Bredimus' Right to a jury Trial.**

Mr. Bredimus is entitled to have a jury of his peers determine his liability on these state-law, non-core claims. By proceeding in the Bankruptcy Court, however, Mr. Bredimus is deprived of that right. Accordingly, factor six weighs in favor of withdrawing the reference.

**IV.** <u>**Conclusion**</u>

WHEREFORE, for the foregoing reasons, those that will be contained in a reply brief and those that will be urged upon the Courts at oral argument, the Debtor respectfully requests that the Court grant the Motion to Withdraw the Reference as to the D.C. Diamond Claimants' seven proof of claims.


Frank Bredimus
*By Counsel*

Dated: <u>October 6, 2014</u>

<u>/s/Richard G. Hall</u>
Richard G. Hall
Counsel for the Debtor
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

Matthew W. Lee (VSB # 40067)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
8444 West Park Drive, Suite 510
McLean, VA 22102
Phone: (703) 852-7788
Fax: (703) 245-9301
Matthew.Lee@Wilsonelser.com

Case 1:14-cv-01559-TSE-JFA Document 2 Filed 11/18/14 Page 11 of 44 PageID# 45
Case 14-11514-RGM Doc 149-1 Filed 10/06/14 Entered 10/06/14 13:02:05 Desc
Exhibit(s) Memorandum    Page 9 of 9

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 6th day of October 2014, I caused a copy of this MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by electronic mail and/or first-class mail, postage prepaid, to the following additional parties:

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave.
Suite 200
McLean, VA 22101

*/s/ Richard G. Hall*
Richard Hall

Richard G. Hall
*Counsel for the Debtor*
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

|  |  |  |
|---|---|---|
| In re: | ) | Case No. **13-15588-BFK** |
| **Frank Bredimus** | ) | Chapter 12 |
|  | ) |  |
|  | ) | OBJECTION TO |
|  | ) | PROOF OF CLAIM #10-1 |
| Debtor | ) |  |
|  | ) |  |
| **DC Diamond Corporation** | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| **Frank Bredimus** | ) |  |
| Defendant, | ) |  |

## MOTION TO WITHDRAW THE REFERENCE

### RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT COURT JUDGE

Frank Bredimus – pursuant to 28 U.S.C. §157, Bankruptcy Rule of Procedure 5011, and Local Rule 5011-1 – files this Motion to Withdraw the Reference for the proceeding filed by DC Diamond Corporation against Frank Bredimus with the Bankruptcy Court.

The grounds and authority in support of this motion are set forth in the accompanying memorandum.

Frank Bredimus respectfully requests that the court:

(a)     withdraw the Reference of this proceeding to the District Court; and

(b)      grant such other and further relief as is just and appropriate under the

circumstances.

Frank Bredimus
*By Counsel*

Dated:      September 30, 2014

*/s/Richard G. Hall*
Richard G. Hall
Counsel for the Debtor
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

Matthew W. Lee
Counsel for the Debtor
8444 West Park Drive, Suite 510
McLean, VA 22102
Phone: (703) 852-7788

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 3rd day of October 2014, I caused a copy of this Motion to Withdraw the Reference, to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by electronic mail and/or first-class mail, postage prepaid, to the following additional parties:

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave.
Suite 200
McLean, VA 22101

*/s/  Richard G. Hall*
Richard Hall

Case 1:14-cv-01559-TSE-JFA Document 2 Filed 11/18/14 Page 14 of 44 PageID# 48
Case 14-11514-RGM Doc 166-1 Filed 10/08/14 Entered 10/08/14 10:45:18 Desc
Exhibit(s) Memorandum Page 1 of 9

Richard G. Hall
*Counsel for the Debtor*
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| In re: | ) | Case No. **13-15588-BFK** |
| **Frank Bredimus** | ) | Chapter 12 |
|  | ) |  |
|  | ) | OBJECTION TO |
|  | ) | PROOF OF CLAIM #10-1 |
| Debtor | ) |  |
|  | ) |  |
| **DC Diamond Corporation** | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| **Frank Bredimus** | ) |  |
| Defendant, | ) |  |

# MEMORANDUM IN SUPPORT OF
# <u>MOTION TO WITHDRAW THE REFERENCE</u>

Frank Bredimus, by undersigned counsel and pursuant to 28 U.S.C. §157, Bankruptcy Rule of Procedure 5011, and Local Rule 5011-1, hereby submits this Memorandum in support of his Motion to Withdraw the Reference with respect to the proof of claim filed by DC Diamond Corporation ("D.C. Diamond").

## I. <u>Introduction</u>

Mr. Bredimus respectfully requests that this Honorable Court and the U.S. District Court exercise their discretionary powers and withdraw the reference as to seven proofs of claim

Case 1:14-cv-01559-TSE-JFA Document 2 Filed 11/18/14 Page 15 of 44 PageID# 49
Case 1:14-11314-RGM    Doc 166    Filed 10/08/14    Entered 10/08/14 10:45:18    Desc
Exhibit(s) Memorandum    Page 2 of 9

(Docket Nos. 10-1, 11-1, 12-1, 13-1, 14-1, 15-1 & 16-1) filed by D.C. Diamond[1] and six other

related entities and individuals (hereinafter collectively referred to as the "D.C. Diamond

Claimants").  As is more fully explained below, each proof of claim exclusively asserts

unsecured, unliquidated civil causes of action arising under Virginia's common law and statutory

Code.

      In conjunction, all creditors, aside from the D.C. Diamond Claimants, have agreed to Mr.

Bredimus' Amended Plan for reorganization.  D.C. Diamond, by and through its counsel, has

also stipulated that it is not and will not seek to "claw back" any of the assets currently allocated

under Mr. Bredimus' plan in that event that its proof of claim is allowed.  Instead, D.C. Diamond

has acknowledged that it will only seek satisfaction from Mr. Bredimus' malpractice insurance

policy; an asset of the estate that is unavailable to Mr. Bredimus' other creditors.  Therefore,

each of the six factors applied by Courts in this District with respect to discretionary withdrawal

of a reference weighs in favor of withdrawing said reference as to the D.C. Diamond Claimants'

seven proofs of claim.[2]

## II.  Background

      On April 23, 2014, Mr. Bredimus filed a voluntary petition for relief under Chapter 12 of

the Bankruptcy Code.  On August 18, 2014 – the last day to do so – the D.C. Diamond Claimants

filed their proofs of claim.  The claims are:

     1.      Tomislav Milic – Claim #11-1 – Amount $20,000,000.00;

     2.      Janja Milic-Zobundija – Claim #13-1 – Amount $20,000,000.00;

     3.      RMF Group, LLC – Claim #14-1 – Amount $700,000.00;

     4.      Red Maple Properties, LLC – Claim #12-1 – Amount

---

[1] DC Diamond Corporation is currently in its own Chapter 11 Bankruptcy Proceeding.

[2] Mr. Bredimus does not request that the referral be withdrawn as to any other aspect of his bankruptcy case, except
for the seven proofs of claims filed by the D.C. Diamond Claimants.

Case 1:14-cv-01559-TSE-JFA Document 2-6 Filed 11/18/14 Page 16 of 44 PageID# 50
Case 14-11514-RGM    Doc 166-1    Filed 10/08/14    Entered 10/08/14 10:45:18    Desc
Exhibit(s) Memorandum    Page 3 of 9

$20,000,000.00;

5.        DC Diamond Corporation – Claim #10-1 – Amount $15,000,000.00;

6.        Karlo Milic Irrevocable Trust – Claim #15-1 – Amount $20,000,000.00; and

7.        Remington Land, LLC – Claim #16-1 – Amount $2,000,000.00.

All of the proofs of claims contain similar allegations and involve the same common set of facts.  Specifically, the D.C. Diamond Claimants aver that Mr. Bredimus committed legal malpractice, breach of fiduciary duty, breach of contract, and fraud.  In addition, D.C. Diamond, which is represented by counsel, requested that the Bankruptcy Court find Mr. Bredimus liable for civil conspiracy Virginia Code §18.2-499, et seq.  Each cause of action asserted is non-core under 28 U.S.C. §157.

On September 10, 2014, a confirmation hearing was held.  Leading up to that hearing, Mr. Bredimus believed that he had reached an agreement in principle with the bankruptcy trustee and his creditors, other than the D.C. Diamond Claimants, with respect to his Amended Plan for reorganization.  At the hearing, however, the Bankruptcy Court continued the issue of confirmation in order to allow the debtor's counsel to provide notice to the creditors and other interested parties of a proposed order confirming the plan conditionally.  That order is now endorsed by all parties who had objected to the debtor's Amended Plan, and its entry is pending the expiration of the notice period.

Also leading up the September 10 hearing, Hermann Esser, the sole owner of HJE Group, LC - another of Mr. Bredimus' creditors - filed an affidavit with the Bankruptcy Court.  In his affidavit, Mr. Esser, under penalty of perjury, swore that he owns claimant Red Maple Properties, LLC., and RMF Group, LLC, and that he did not authorize claimant Tomislav Milic to file a proof of claim (Docket #s 12-1 and 14-1) for either company.  *See* Exhibit A.

Case 1:14-cv-01559-TSE-JFA Document 2 Filed 11/18/14 Page 17 of 44 PageID# 51
Case 14-11514-RGM    Doc 166-1    Filed 10/08/14    Entered 10/08/14 10:45:18    Desc
Exhibit(s) Memorandum    Page 4 of 9

Accordingly, it appears that claimant Tomislav Milic has filed two false proof of claims totaling $20,700,000.00 with Bankruptcy Court, which is in violation of 18 U.S.C. §§152 and 3571.

In addition, at the September 10 hearing, D.C. Diamond, through its legal counsel, stipulated that he had no objection to the Bankruptcy Court's conditional approval of Mr. Bredimus' plan of reorganization.  D.C. Diamond further acknowledged that it would not seek to "claw back" any funds allocated under the plan to Mr. Bredimus' other unsecured creditors. Instead, D.C. Diamond affirmed that it was only interested in the potential indemnity coverage provided under Mr. Bredimus' malpractice insurance policy.

A new hearing for confirmation of Mr. Bredimus' fifth amended plan of reorganization is scheduled for October 23, 2014.

### III.  Legal Analysis and Argument

Mr. Bredimus respectfully requests that this Honorable Court and the U.S. District Court withdraw the reference as to the seven proofs of claim filed by the D.C. Diamond Claimants. Bankruptcy jurisdiction is vested in the District Courts.  *See* 28 U.S.C. §1334. While a district court may refer bankruptcy cases and any or all proceedings arising in or related to bankruptcy cases to a bankruptcy court, a "District Court may withdraw, in whole or in part any case or proceeding referred under this section, or on its on motion or timely motion of any party, for any cause shown." 28 U.S.C. §157(d).

To determine whether withdrawal of a reference to a bankruptcy court is appropriate Courts in the Fourth Circuit analyze the following factors: "(i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy cases, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources; (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury

Case 1:14-cv-01559-TSE-JFA Document 2 Filed 11/18/14 Page 18 of 44 PageID# 52
Case 1:14-11514-RGM Doc 166-1 Filed 10/08/14 Entered 10/08/14 10:45:18 Desc
Exhibit(s) Memorandum Page 5 of 9

trial." *Corliss Moore & Associates, LLC v. Credit Control Services, Inc.*, 497 B.R. 219, 223

(E.D.Va. 2013) (internal citations omitted). Discretionary withdrawal is "determined on a case-

by-case basis by weighing all the factors presented in a particular case." *Id.* (quoting *In re U.S.*

*Airways Group, Inc.*, 296 B.R. 673, 682 (E.D. Va. 2003)). In the present case, each of the six factors

weighs in favor of the withdrawal the reference.

**1.      D.C. Diamond's Proof of Claim is Based upon Non-core State law Issues.**

D.C. Diamond's one-page, proof of claim purports to assert causes of action arising under

Virginia's common law and statutory Code. The causes of action are: legal malpractice, breach

of fiduciary duty, breach of contract, fraud, and statutory conspiracy.

"Jurisdiction for cases 'arising under title 11' refers to those cases in which the

Bankruptcy Code itself creates the plaintiff's cause of action or 'if the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal bankruptcy law.'" *In re*

*Baseline Sports, Inc.*, 393 B.R. 105, 121 -122 (E.D.Va. 2008) (internal citations omitted). In

addition, jurisdiction extends to cases "arising in Title 11, but nevertheless, would have no

existence outside of bankruptcy." *Id.* (internal citations omitted).

D.C. Diamond's proof of claim does not fall within the foregoing allocation of

jurisdiction. Instead, the causes of action asserted are typically litigated outside of the

Bankruptcy Court, e.g., via a lawsuit in state court after the claimant has filed a motion to lift the

automatic stay with the Bankruptcy Court based upon the existence of available insurance

coverage.

And the facts of this case are no different. Mr. Bredimus has a lawyer's professional

liability policy. That policy provides coverage for some, but not all, of the putative claims

and/or damages, set forth D.C. Diamond's proof of claim. D.C. Diamond has further stipulated

Case 1:14-cv-01559-TSE-JFA Document 2 Filed 11/18/14 Page 19 of 44 PageID# 53
Case 14-11314-RGM Doc 166-1 Filed 10/08/14 Entered 10/08/14 10:15:18 Desc
Exhibit(s) Memorandum    Page 6 of 9

that the only asset that it will pursue with respect to the satisfaction of its alleged damages is that policy.

Further, all of the claims asserted in D.C. Diamond's proof of claim are non-core.  It is well established that state law claims, especially those based on pre-petition contracts, are non-core.  *See In re systems Engineering & Energy Management Associates, Inc*., 252 B.R. 635, 641-50 (E.D.Va.2000).  Under Virginia law, a claim for legal malpractice, while sounding in tort, is a cause of action arising *ex contractu. See Shipman v. Kruck*, 267 Va. 495, 501 (2004). Further, pre-petition state law claims for fraud, statutory conspiracy and breach of fiduciary duty such as those asserted in D.C. Diamond's proof of claim, are also considered non-core. *In re Systems Engineering*, 252 B.R. at 641-650.[3]  As such, the first factor considered in whether to withdraw the reference weighs heavily in favor of withdrawal in this case.

**2.      Withdrawal Would Promote Uniformity in Bankruptcy Administration.**

Withdrawing the reference will promote uniformity in bankruptcy administration.  These seven claims all relate to the same set of pre-petition facts and contain almost identical legal issues.

Further, the separation of these claims, through withdrawal of the reference, from the claims asserted by Mr. Bredimus' other creditors and which are now covered and consented to in Mr. Bredimus' Amended Plan for reorganization, does promote the efficient administration of Mr. Bredimus' bankruptcy estate.  The D.C. Diamond Claimants' are seemingly willing to stipulate that they will seek satisfaction for their alleged damages exclusively from Mr. Bredimus' malpractice insurance policy and not seek to "claw back" any of Mr. Bredimus' other assets.  Conversely, none of Mr. Bredimus' other creditors has timely filed a proof of claim

---

[3] While not asserted in D.C. Diamond's proof of claim, the proofs of claims filed by Tomislav and Janja Milic, allege that they suffered personal injury damages as a result of Mr. Bredimus' acts/omissions.  Thus, any of the causes of action that seek those damages are non-core as well. *See* 28 U.S.C. § 157(b)(2)(B).

Case 1:14-cv-01550-TSE-JFA Document 2 Filed 11/18/14 Page 20 of 44 PageID# 54
Case 14-11514-RGM Doc 166-1 Filed 10/08/14 Entered 10/08/14 10:15:18 Desc
Exhibit(s) Memorandum Page 7 of 9

asserting that it/he/she it is entitled to proceeds of Mr. Bredimus' malpractice insurance policy,

e.g., a cause of action/claim for which the policy may provide coverage. Therefore, it is far more

efficient for the Courts and the litigants if the D.C. Diamond Claimants' proofs of claims are

litigated and adjudicated before the District Court, a tribunal that routinely hears these types of

claims, rather than the Bankruptcy Court.

**3.      Withdrawal Would not Encourage Forum Shopping.**

Withdrawing the reference would not encourage forum shopping.  *See McMahon v.*

*Providence Capitol Enters., Inc.* (In re McMahon), 222 B.R. 205, 208 (S.D.N.Y. 1998) (forum

shopping would not be encouraged by granting the Debtor's motion [to withdraw the reference]

as this case involves a non-core state law issues that could have been brought in a state court

originally.")  In this case, D.C. Diamond's proof of claim exclusively asserts state-law, non-core

causes of action that could have, and probably should have, been instituted in a Virginia circuit

court.  Therefore, factor five weighs in favor of withdrawal of the reference.

**4.      Withdrawal Will Conserve Resources and Promote Judicial Efficiency.**

Withdrawing the reference will conserve judicial and party resources as well as promote

judicial efficiency.  The Bankruptcy Court may only submit proposed findings of fact and

conclusions of law to the District Court on the Claimant's claim; it may not enter a final

judgment. *See* 28 U.S.C. §157(c) (1).  The District Court then must review the Bankruptcy's

Court's proposed findings *de novo*.  Mr. Bredimus should not have to incur the fees and costs

associated with litigating this state-law, non-core causes of action in both the Bankruptcy and

District Courts.  Accordingly, proceeding directly in the District Court will preserve the

judiciary's and the parties' resources and promote judicial efficiency, and factors three and four

weigh in favor of withdrawal of the reference.

Case 1:14-cv-01550-TSE-JFA Document 2 Filed 11/18/14 Page 21 of 44 PageID# 55
Case 14-11314-RGM Doc 166-1 Filed 10/08/14 Entered 10/08/14 10:15:18 Desc
Exhibit(s) Memorandum     Page 8 of 9

5.      **Withdrawal Preserves Mr. Bredimus' Right to a jury Trial.**

Mr. Bredimus is entitled to have a jury of his peers determine his liability on these state-law, non-core claims.  By proceeding in the Bankruptcy Court, however, Mr. Bredimus is deprived of that right.  Accordingly, factor six weighs in favor of withdrawing the reference.

## IV.  <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, those that will be contained in a reply brief and those that will be urged upon the Courts at oral argument, the Debtor respectfully requests that the Court grant the Motion to Withdraw the Reference as to the D.C. Diamond Claimants' seven proof of claims.


Frank Bredimus
*By Counsel*

Dated:      <u>October 6, 2014</u>

<u>*/s/Richard G. Hall*</u>
Richard G. Hall
Counsel for the Debtor
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

Matthew W. Lee (VSB # 40067)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
8444 West Park Drive, Suite 510
McLean, VA 22102
Phone: (703) 852-7788
Fax: (703) 245-9301
*Matthew.Lee@Wilsonelser.com*

Case 1:14-cv-01559-TSE-JFA Document 2-5 Filed 11/18/14 Page 22 of 44 PageID# 56
Case 14-11514-RGM  Doc 166-1  Filed 10/08/14  Entered 10/08/14 10:43:18  Desc
Exhibit(s) Memorandum    Page 9 of 9

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 6th day of  October 2014, I caused a copy of this MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by electronic mail and/or first-class mail, postage prepaid, to the following additional parties:


Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave.
Suite 200
McLean, VA 22101


*/s/  Richard G. Hall*
Richard Hall

Case 1:14-cv-01559-TSE-JFA Document 2 Filed 11/18/14 Page 23 of 44 PageID# 57
Case 14-11514-RGM    Doc 166-2    Filed 10/08/14    Entered 10/08/14 10:15:18    Desc
Exhibit(s) Designation of Record    Page 1 of 2

Richard G. Hall
*Counsel for the Debtor*
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

|  |  |
|---|---|
| In re: | ) Case No. 14-11514-RGM |
| **Frank Bredimus** | ) Chapter 12 |
|  | ) |
|  | ) OBJECTION TO |
|  | ) PROOF OF CLAIM #10-1 |
| Debtor | ) |
|  | ) |
| **DC Diamond Corporation** | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| **Frank Bredimus** | ) |
| Defendant, | ) |

## DESIGNATION OF THE RECORD

Pursuant to Local Rule §5011-1(C), Frank Bredimus ("Debtor"), hereby designates the following portions of the record that it believes will reasonably be necessary or pertinent to the District Court's consideration of Frank Bredimus' Motion to Withdraw the Reference:

1. Mr. Hermann Esser's Affidavit

2. Proof of Claim #10-1

3. Objection to Proof of Claim #10-1

4. Memorandum in Support of Motion to Withdraw the Reference

5. Motion to Withdraw the Reference

Case 1:14-cv-01559-TSE-JFA Document 2-5 Filed 11/18/14 Page 24 of 44 PageID# 58
Case 14-11514-RGM Doc 166-2 Filed 10/08/14 Entered 10/08/14 10:15:18 Desc
Exhibit(s) Designation of Record    Page 2 of 2

Frank Bredimus
*By Counsel*

Dated:    October 8, 2014

/s/Richard G. Hall
Richard G. Hall
Counsel for the Debtor
VSB #18076
7369 McWhorter Place, Suite 412
Annandale, Virginia 22003
Phone: (703) 256-7159

Matthew W. Lee
Counsel for the Debtor
8444 West Park Drive, Suite 510
McLean, VA 22102
Phone: (703) 852-7788

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 8th day of October 2014, caused a copy of this Designation of the Record to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by electronic mail and/or first-class mail, postage prepaid, to the following additional parties:

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave.
Suite 200
McLean, VA 22101

/s/  Richard G. Hall
Richard Hall

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In Re:                          :
                                :
FRANK BRAND BREDIMUS            :      CASE NO 14-11514-RGM
                                :           Chapter 12
                Debtor          :

## NOTICE OF MOTION

The debtor, Frank Brand Bredimus, has filed a motion to withdraw the reference for his objections to the claims of the D.C. Diamond, Corporation, Claim 10-1, Remington Land, LLC, Claim 16-1, Karlo Milic Irrevocable Truste, Claim 15-1, Red Maple Properties, LLC, Claim 12-1, RMF Group, LLC, Claim 14-1, Jana Milic Zobundija, Claim 13-1, and Tomislav Milic, Claim 11-1.

<u>Your rights may be affected.</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then you or your attorney within 14 days of this notice:

_X_   File a written response with the court at 200 South Washington Street, Alexandria, Virginia 22314. **Unless a written response is filed and served by the date specified, the court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.**  If you mail your response to the court for filing, you must mail it early enough so that the court will

**receive** it on or before the date stated above.  You must **also** mail a copy to the persons listed below.

 _X_  A copy of any written response must be mailed to the following person:

> Richard G. Hall
> 7369 McWhorter Place, Suite 412
> Annandale, Virginia 22003

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: October 9, 2014


/s/ Richard G. Hall
RICHARD G. HALL, Esquire
Counsel for the debtor
7369 McWhorter Place, Suite 412
Annandale, Virginia  22003
(703) 256-7159
Va Bar No. 18076


## Certificate of Service

I hereby certify that on October 9, 2014, I have caused a copy of this notice to be be served electronically through the ECF system to the D.C. Diamond Corporation, and by first class mail, postage prepaid to the following parties:

| | |
|---|---|
| Tomislav Milic<br>P.O. Box 405<br>Bealtown VA 22712 | RMF Group, LLC<br>P.O. Box 405<br>Bealtown, VA 22712 |
| Jana Milic Zobundija<br>P.O. Box 405<br>Bealtown VA 22712 | Remigton Land, LLC<br>P.O. Box 405<br>Bealtown VA 22712 |
| Karlo Milic Irrevocable Trust<br>P.O. Box 405<br>Bealtown VA 22712 | |
| Red Maple Properties, LLC<br>P.O. Box 405<br>Bealtown VA 22712 | |

Steven S. Biss, Esquire (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:      (804) 501-8272
Facsimile:      (202) 318-4098
Email:  **stevenbiss@earthlink.net**

*Counsel for the Milic Claimants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FRANK BRAND BREDIMUS | ) | <u>Case No. 14-11514-RGM</u> |
| | ) | |
| Debtor. | ) | Chapter 12 |
| ————————————————— | ) | |

## <u>OBJECTION AND OPPOSITION TO</u><br><u>AMENDED MOTIONS TO WITHDRAW THE REFERENCE</u>

Claimants, Tomislav Milic (Claim # 11-1), Red Maple Properties, LLC (Claim #

12-1), Janja Milic-Zobundija (Claim # 13-1), RMF Group, LLC (Claim # 14-1), Karlo

Milic Irrevocable Trust (Claim # 15-1), and Remington Land, LLC (Claim # 16-1)

(collectively hereinafter referred to as the "Milic Claimants"), by counsel, hereby Object

to Debtor, Frank Brand Bredimus's ("Debtor"), amended motions to withdraw the

reference [*Docs 169, 171, 172, 173, 174 and 175*], and respectfully submit this

Opposition.

1.      On August 18, 2014, in accordance with Debtor's "Notice to Holder of

Disputed Claim" [*Doc 120*], the Milic Claimants duly executed and filed their Proofs of

Claim in this Bankruptcy Case on the Official Form 10.

2.      The Milic Claimants filed their Proofs of Claim pursuant to 11 U.S.C. § 501(a) (Filing of Proofs of Claims or Interests) and Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Rules").

3.      The Milic Claimants' Proofs of Claim "constitute prima facie evidence of the validity and amount of the claim[s]." *Fed. R. Bankr. Proc. 3001(f)*.

4.      A claim, proof of which is filed under § 501 of Title 11, "is deemed allowed, unless a party in interest … objects."

5.      In accordance with 11 U.S.C. § 502(b)(1) and Rule 3007, Debtor filed objections and amended objections to Claims 11-1, 12-1, 13-1, 14-1, 15-1 and 16-1 filed by the Milic Claimants. *Docs 141, 142, 143, 144, 145, and 146*.

6.      In accordance with § 502(b)(1), Debtor claims that the Milic Claims are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."

7.      Section 502(b) of Title 11 of the United States Code expressly provides that the Bankruptcy Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition".

8.      The United States District Court for the Eastern District of Virginia automatically refers "all cases, and matters and proceedings" under the Bankruptcy Act, or arising or related to Title 11, to the United States Bankruptcy Court. *In the Matter of the Administration of the Bankruptcy Courts and Reference of Bankruptcy Cases and Proceedings to the Bankruptcy Judges of this District* (E.D. Va. Aug. 15, 1984) (Order) (the "Standing Order of Reference").

9.      Upon referral to the Bankruptcy Court, "the manner in which a bankruptcy judge may act … depends on the type of proceeding involved." *Stern v. Marshall*, 131 S.Ct. 2594, 2603 (2011).   "Congress has divided bankruptcy proceedings into three categories:" (1) those that arise under Title 11, (2) those that arise in a Title 11 case, and (3) those that are related to a case under Title 11. *Id.*

10.      28 U.S.C. § 157(b)(1) clearly states that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11".

11.      "Core proceedings include, but are not limited to … allowance or disallowance of claims against the estate". *28 U.S.C. § 157(b)(2)(B).*

12.      There is no question that the "allowance or disallowance" of the Claims against the estate filed by the Milic Claimants (and objected to by Debtor) is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B).

13.      In *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 92 (1982), the United States Supreme Court found that:

> "the phrases 'arising under' and 'arising in' are helpful indicators of the meaning of core proceedings.  If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference.  If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt".

*See id. In re Peterson*, 318 B.R. 795, 803 (E.D. Va. 2004) ("[A]ny proceeding dependent on bankruptcy for its existence is a core bankruptcy proceeding."); *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 682 (Bankr. E.D. Va. 2003) ("a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)).

14.     The Bankruptcy Court has full judicial power over this core proceeding.

15.     Even when the Bankruptcy Court has jurisdiction, and even when the case involves a core proceeding, a District Court may, in its discretion, withdraw reference on the motion of any party for cause shown under 28 U.S.C. § 157(d).

16.     Factors determining whether cause exists include "(i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial." *In re U.S. Airways Group, Inc.*, 296 B.R. at 681 (citing *Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) ("the efficient use of judicial resources, delay and cost to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors"); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 2nd Cir. 1993) ("whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law"); *In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir. 1990) ("promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process") (remaining citations omitted)).

17.     Discretionary withdrawal is "determined on a case-by-case basis by weighing all the factors presented in a particular case, including the core/non-core distinction." *In re US Airways* Group, 296 B.R. at 682.

18.     A review of all the six factors demonstrates that the reference should not be withdrawn:

A.     *This IS a Core Proceeding*.     As stated above, this is a core proceeding.  The fact that the proof of claim litigation is core proceeding weighs strongly against withdrawal.

B.     <u>Uniform Administration of Bankruptcy Proceedings</u>.   Debtor is in a Chapter 12 reorganization.   On October 16, 2014, the Court entered an Order Confirming Fifth Amended Chapter 12 Plan [*Doc 187*].  Significantly, the Confirmation Order provides that:

> ORDERED that nothing in the conditional confirmation of the debtor's plan hereby shall act to prejudice D.C. Diamond or the other disputed claims, claims 16-1, 15-1, 14-1, 13-1, 12-1, and 11-1, against having their claims against the debtor established by this court in any subsequent proceeding, and it is further,

> ORDERED that should D.C. Diamond or any of the other disputed claims be established against the debtor, (1) these claimants shall have no right to recover or "claw back" any funds already paid to any Class 10 unsecured creditors or their successors under Article II, the debtor's plan, (2) this confirmation order shall not be interpreted to in any way impair that claim, (3) the debtor shall be required to promptly seek confirmation of an Amended Chapter 12 Plan that provides appropriate treatment for that claim, or satisfy that claim in some manner not prejudicial to the rights of any other claimant in this proceeding, and it is further

18.    A review of all the six factors demonstrates that the reference should not
be withdrawn:

A.    <u>This *IS* a Core Proceeding</u>.    As stated above, this is a core
proceeding.  The fact that the proof of claim litigation is core proceeding weighs strongly
against withdrawal.

B.    <u>Uniform Administration of Bankruptcy Proceedings</u>.    Debtor is in
a Chapter 12 reorganization.    On October 16, 2014, the Court entered an Order
Confirming Fifth Amended Chapter 12 Plan [*Doc 187*].  Significantly, the Confirmation
Order provides that:

> ORDERED that nothing in the conditional confirmation of the
> debtor's plan hereby shall act to prejudice D.C. Diamond or the
> other disputed claims, claims 16-1, 15-1, 14-1, 13-1, 12-1, and
> 11-1, against having their claims against the debtor established
> by this court in any subsequent proceeding, and it is further,
>
> ORDERED that should D.C. Diamond or any of the other
> disputed claims be established against the debtor, (1) these
> claimants shall have no right to recover or "claw back" any
> funds already paid to any Class 10 unsecured creditors or their
> successors under Article II, the debtor's plan, (2) this
> confirmation order shall not be interpreted to in any way impair
> that claim, (3) the debtor shall be required to promptly seek
> confirmation of an Amended Chapter 12 Plan that provides
> appropriate treatment for that claim, or satisfy that claim in
> some manner not prejudicial to the rights of any other claimant
> in this proceeding, and it is further

The Confirmation Order conclusively establishes the Milic Claimants' (and Claimant D.C. Diamond – Claim 10-1) right to have their Claims against the Debtor "established by this court".  It would violate the approved Plan and go against uniform administration to now remove the Milic Claims from this ongoing Bankruptcy Case.  *See, e.g., Chesapeake Trust v. Chesapeake Bay Enterprises, Inc.*, 2014 WL 202028 * 5 (E.D. Va. 2014) ("It goes against this Court's general practice to remove from the Bankruptcy Court one of many matters related to a bankruptcy").  The interests of uniform administration demand that this case not be withdrawn.  This factor weighs against withdrawal.

           C.      <u>The Bankruptcy Process and Judicial Economy</u>.  Because this is a core proceeding, the Bankruptcy Court may enter final judgment.  The bankruptcy process would be furthered by allowing an experienced bankruptcy Judge to hear and decide the Claims.  There will be no needless costs or inefficiencies for the parties and/or the Courts by allowing the core Claims to remain before the Bankruptcy Court. *Chesapeake Trust*, 2014 WL 202028 at * 5 ("Judicial efficiency counsels against removal.  The Bankruptcy Court possesses both institutional expertise and factual familiarity"); *compare Orion Pictures Corp.*, 4 F.3d at 1101 ("the fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.").

      The bankruptcy process of efficiently resolving unsecured claims would be eviscerated if Debtor's motion to withdraw is granted.  If the reference is withdrawn in this case, every proof of claim that involves a state law issue – *e.g., VIRTUALLY EVERY PROOF OF CLAIM* – would be subject to withdrawal and litigation in the District Court.

This will scuttle the purposes of § 501 of the Bankruptcy Code and place an unmanageable burden on the District Courts.

    D. <u>Efficient Use of Resources</u>. The parties' resources will be most efficiently used by allowing the Bankruptcy Court to set a hearing date, and preside over all phases of this case, including discovery. No practical purpose would be served by starting over in the District Court, especially since Debtor's Fifth Amended Plan has been approved.

    E. <u>Forum Shopping</u>. Debtor is clearly forum-shopping. He seeks only to withdraw the reference as to the "seven proof of claim filed by the D.C. Diamond Claimants." [*Doc 169-1, p. 2 fn. 2*]. This factor, like all the others, weighs against withdrawal.

    F. <u>Right to Trial by Jury</u>. Debtor has no right to trial by jury in this proof of claim litigation. *See, e.g., Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (citations omitted) ("by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power … If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. As such, there is no Seventh Amendment right to a jury trial."); *see also Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1253 (3rd Cir. 1994) ("Clearly, if the attorneys in this case had demanded a jury trial, their request would be refused on the ground that they had

filed a claim for fees with the bankruptcy court.  Under the facts, we see no reason to treat the debtors' request differently … we hold that the debtors have no right to a jury trial on the malpractice claims against their bankruptcy counsel, which are asserted as a defense to the attorneys' claim for fees.").

Even if the right to a jury trial applied, the Bankruptcy Court "may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." *28 U.S.C. § 157(e)*.  Debtor argues that he would be "deprived" of the right to trial by jury in the Bankruptcy Court.  This is not exactly true.  Debtor could consent to trial by jury, but he chooses not to.  Thus, Debtor cannot rely on factor six to support withdrawal. *See, e.g., Chesapeake Trust*, 2014 WL 202028 at * 5 ("CBE's reliance on this factor is further undermined by its admission that the Bankruptcy Court could, in fact, conduct a jury trial upon the express consent of the parties – but that CBE remains 'unwilling to consent to a jury trial' in that Court."

Finally:

"The mere fact that the district court must conduct a jury trial in an adversary proceeding does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial."

*In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993).  Even if the Debtor had a right to trial by jury – which he does not – his right to a jury trial is preserved whether his motion to withdraw the reference is granted or not.  Therefore, this factor does not favor withdrawal.

For the reasons stated above, the Milic Claimants request the Court to deny Debtor's amended motions to withdraw the reference.

DATED:        October 24, 2014


        TOMISLAV MILIC
        RED MAPLE PROPERTIES, LLC
        JANJA MILIC-ZOBUNDIJA
        RMF GROUP, LLC
        KARLO MILIC IRREVOCABLE TRUST
        REMINGTON LAND, LLC


By:   */s/Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:   (804) 501-8272
        Facsimile:   (202) 318-4098
        Email:   **stevenbiss@earthlink.net**

        *Counsel for the Milic Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Debtor, the United States Trustee, and any/all other interested parties receiving notices via CM/ECF.

By:    */s/Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:    (202) 318-4098
        Email:        **stevenbiss@earthlink.net**

        *Counsel for the Milic Claimants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| In re | ) | No. 14-11514-RGM |
|  | ) |  |
| FRANK BREDIMUS, | ) |  |
|  | ) | Chapter 12 |
| Debtor. | ) |  |

<u>RESPONSE TO MOTION TO WITHDRAW THE REFERENCE</u>

NOW COMES Creditor DC DIAMOND CORPORATION, and responds to the Motion to Withdraw the Reference as to the Objection to its claim (Docket #166), as follows:

1.      DC Diamond Corporation incorporates the arguments made by the other claimants in Doc. #194.

2.      DC Diamond Corporation further states that as an objection to a claim, this is not only a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(B), but it is at the heart of the federal Bankruptcy power under Article I of the Constitution, and clearly within the constitutional and statutory jurisdiction and authority of the Bankruptcy Court.

> The restructuring process requires a creditor to file a proof of claim in the bankruptcy court. 11 U.S.C. § 501; Fed. Rule Bkrtcy. Proc. 3002(a). In doing so, the creditor "triggers the process of `allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power."

*Stern v. Marshall,* 131 S.Ct. 2594, 2629 (2011).   Accordingly, any argument that Debtor is entitled to a jury trial, or entitled to have this matter heard anywhere other than in the Bankruptcy Court is misplaced.

WHEREFORE, D.C. Diamond respectfully requests that the Motion to Withdraw the Reference be denied.

Dated: October 27, 2014.

Respectfully submitted,

DC Diamond Corporation
By counsel

/s/ Daniel M. Press
Daniel M. Press, Va. Bar #37123
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2014, I caused copies of the foregoing document to be served by CM/ECF on the Debtor, counsel for Debtor, the Trustee, and all parties requesting such notice.

/s/ Daniel M. Press
Daniel M. Press

- 2 -

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor: <br><br> Frank Brand Bredimus | Case Number: <br><br> 14-11514 | |
|---|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): <br> D.C. Diamond Corporation | |
|---|---|
| | **COURT USE ONLY** |
| Name and address where notices should be sent: <br> c/o Daniel M. Press <br> Chung &  Press, P.C. <br> 6718 Whittier Ave. Ste. 200, McLean VA 22101 <br><br> Telephone number: (703) 734-3800   email: dpress@chung-press.com | ❐ Check this box if this claim amends a previously filed claim. <br><br> **Court Claim Number:**_____ <br> (*If known*) <br><br> Filed on:_____ |
| Name and address where payment should be sent (if different from above): <br><br><br><br> Telephone number:                email: | ❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**    $_____15,000,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❐Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

| **2. Basis for Claim:** See attached. <br> (See instruction #2) |
|---|

| **3.  Last four digits of any number by which creditor identifies debtor:** <br><br> __ __ __ __ | **3a. Debtor may have scheduled account as:** <br><br>_____ <br> (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** <br><br> __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ <br> (See instruction #3b) |
|---|---|---|

| **4. Secured Claim** (See instruction #4) <br> Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information. <br><br> **Nature of property or right of setoff:** ❐Real Estate  ❐Motor Vehicle  ❐Other <br> **Describe:** <br><br> **Value of Property: $**_____ <br><br> **Annual Interest Rate**_____% ❐Fixed  or  ❐Variable <br> **(when case was filed)** | **Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** <br><br>                    $_____ <br><br> **Basis for perfection:** _____ <br><br> **Amount of Secured Claim:**    $_____ <br><br> **Amount Unsecured:**         $_____ |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ❐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ❐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | **Amount entitled to priority:** <br><br> $_____ |

*\*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)          2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Daniel M Press
Title:   Attorney for Creditor
Company:   Chung & Press, P.C.      /s/ Daniel M. Press          08/18/2014
Address and telephone number (if different from notice address above):    (Signature)           (Date)

Telephone number:        email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13) 3

_____ **DEFINITIONS**_____　　　　　　　　　　　　　　　　　　　　　_____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

ATTACHMENT TO PROOF OF CLAIM

This claim is for malpractice, breach of fiduciary duty, conversion, and civil conspiracy (including Va. Code § 18.2-499 – 500) causes of action against the Debtor.  In particular, but without limitation (a) Debtor represented DC Diamond in a series of "hard money" loan transactions with HJE Group, LC, in which DC Diamond's interests were compromised as a result of conflicts of interest, including (a) the undisclosed concurrent representation of HJE Group, LC, and/or its principal Hermann Esser by the Debtor and the fact that the Debtor was (or held himself out as) a member of HJE Group, causing substantial damages to DC Diamond; (b) Debtor represented DC Diamond Corporation in advising it to transfer valuable real property to other entities (Remington Land, LLC, Karlo Milic Irrevocable Trust, and Red Maple Properties, LLC) who were also clients or affiliated with clients, without consideration, for the benefit of, *inter alia*, HJE Group, thereby rendering DC Diamond insolvent and leading to defaults on DC Diamond's surety bonds, the loss of a $15 million development opportunity, and the consequent filing of DC Diamond's bankruptcy case; and (c) Debtor wrongfully paid $67,772.20 of DC Diamond funds held in his trust account to HJE Group; and (d) conspired with Esser and HJE Group, LC to do the foregoing to harm DC Diamond and its business, as well as purporting to represent DC Diamond in preparing a bankruptcy case, while actually deferring and taking steps to prevent filing in an effort to protect HJE/Esser.